# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONNA CASTLEBERRY, individually and as Administrator of THE ESTATE OF ANDREW TAYLOR, <br><br> Plaintiffs, <br><br> v. <br><br> FANUC AMERICA CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 20-1361-KHV-GEB |

## NOTICE AND ORDER TO SHOW CAUSE

**To Defendant**:

Plaintiff Donna Castleberry, individually and as administrator of the Estate of Andrew Taylor, initially filed this personal injury products liability and wrongful death action against defendant Fanuc America Corporation in the District Court of Sedgwick County, Kansas, Case No. 2020-CV-001797-OT. On December 23, 2020, Defendant removed the action from the state court to this federal court, citing as the sole basis for subject matter jurisdiction the diversity of citizenship of the parties. (Notice of Removal, ECF No. 1 at ¶¶ 5-9, citing 28 U.S.C. § 1332(a).)

Section 1332 of Title 28 of the United States Code requires complete diversity between all plaintiffs and all defendants.[1] In this removal action, the existence of

---

[1] 28 U.S.C. § 1332(a); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

diversity jurisdiction must be determined from the removal petition.[2] For reasons explained below, the Court directs Defendant to show cause why the undersigned U.S. Magistrate Judge should not recommend the remand of this removal action for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

In Defendant's Notice of Removal (ECF No. 1 at ¶¶ 5-9), it alleges that diversity of citizenship exists. But neither the Notice of Removal nor the state court Petition actually alleges facts sufficient to allow the Court to determine whether diversity of citizenship exists in this case. Defendant's Notice of Removal claims:

> 7. Plaintiff's Petition alleges that Donna Castleberry, the Executor of Plaintiff Estate of Andrew Taylor is a Kansas resident. Plaintiffs Petition states that the Estate of Andrew Taylor has been duly opened in Sedgwick County District Court and that Donna Castleberry has been appointed as Special Administrator. No plaintiff is a citizen of the state of Delaware or Michigan.
>
> 8. Defendant is a Delaware corporation and its principal place of business is located in the state of Michigan. Defendant is thus not a citizen of the State of Kansas.

(ECF No. 1 at ¶¶7-8.) Plaintiff's state court Petition notes:

> 1. The Estate of Andrew Taylor has been duly opened in Sedgwick County District Court and Donna Castleberry has been appointed as Special Administrator.
>
> 2. Donna Castleberry is an individual and resident of the State of Kansas.

(ECF No. 1, Ex. A at ¶¶1-2.)

---

[2] *Leavenworth Cty., Kansas, Bd. of Commissioners v. Lewis*, No. 19-02664-EFM-TJJ, 2020 WL 1659864, at *3 (D. Kan. Apr. 3, 2020) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th

Although it appears Defendant has satisfactorily claimed its citizenship as a corporation,[3] the Court is unable to determine Plaintiff's citizenship in her capacity as administrator of the estate from the information the parties have provided. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"[4] Here, both the Petition and the Notice of Removal allege Mr. Taylor's estate is filed in Kansas, and the Petition allege Mr. Taylor died in Kansas. (ECF No. 1 at ¶7; Ex. A at 2.) This arguably creates a reasonable inference that Mr. Taylor was a Kansas citizen at the time of his death. But neither the Petition nor the Notice of Removal ever explicitly identifies Mr. Taylor's citizenship. And, exercising requisite caution about subject matter jurisdiction, the Court concludes the pleadings fail to allege sufficiently Plaintiff's citizenship as a legal representative of the estate.

The Court has an independent obligation to satisfy itself that subject matter jurisdiction exists.[5] And, the Court "must dismiss the cause *at any stage* of the

---

Cir. 1972).

[3] If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). Defendant has properly alleged both its state of incorporation and its principal place of business. (ECF No. 1 at ¶ 8.)

[4] 28 U.S.C. § 1332(c)(2); *see also Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 398458, at *1 (D. Kan. Jan. 12, 2018) (concluding plaintiff who asserted claims individually and as a personal representative of her father's estate was a citizen both where she was a citizen and where her father was a citizen for purposes of diversity jurisdiction); *Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997) (explaining when claims are asserted for injuries sustained by decedent before death the court must consider the legal representative of the estate's citizenship, which is deemed to be the decedent's citizenship at the time of death).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

proceedings in which it becomes apparent that jurisdiction is lacking."[6] Here, the record does not contain sufficient information for this Court to determine whether subject matter jurisdiction exists.

The Court thus directs Defendant to show cause, **within 14 days of this Order**, why the undersigned U.S. Magistrate Judge should not recommend this case for remand. The Court directs Defendant to clarify the citizenship of Plaintiff in her capacity as legal representative of the estate of decedent by providing Mr. Taylor's citizenship at the time of his death.

**IT IS THEREFORE ORDERED** that Defendant Fanuc America Corporation, as the removing party, is directed to **show cause within 14 days** why the Court should not recommend remand of this matter to the state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2021.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").