IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| The Estate of Andrew Taylor<br>by and through its special administrator,<br>**DONNA CASTLEBERRY, and**<br>**DONNA CASTLEBERRY, individually,**<br><br>            **Plaintiffs,**<br><br>**v.**<br><br>**FANUC AMERICA CORPORATION, et al.,**<br><br>            **Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Case No. 20-1361-KHV-GEB**<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Intervene by Manpower U.S., Inc., and New Hampshie Insurance Company ("Intervenors") (**ECF No. 47**).  After thorough consideration of the parties' briefing and authorities contained therein, the Motion is **GRANTED in large part** for the reasons set forth below.

## I.    Background[1]

Plaintiff Donna Castleberry, individually and as administrator of the Estate of Andrew Taylor, initially filed this personal injury products liability and wrongful death action against defendant Fanuc America Corporation ("Fanuc") in the District Court of

---

[1] Unless otherwise indicated, the information recited in this section is taken from the pleadings (ECF Nos. 1, 6, 26, 30, 32, 33, 37, 39, 49); from the briefing surrounding the pending motion (ECF Nos. 47, 48, 53, 54, 55, 61); and the Proposed Intervenor Complaint (ECF No. 61, Ex. A.) This background information should not be construed as judicial findings or factual determinations.

Sedgwick County, Kansas, Case No. 2020-CV-001797-OT. Taylor was a welder who died from injuries suffered while using a programmed Fanuc robotic arm at his workplace. On December 23, 2020, defendant Fanuc removed the action from the state court to this federal court, citing the diversity of citizenship of the parties. (Notice of Removal, ECF No. 1.)

During an early status conference, the parties agreed it was likely additional defendants would be added to this case, so scheduling was suspended. (Order, ECF No. 12.) On May 20, 2021, a Phase I Scheduling Order was entered to permit the parties an opportunity to gather the information necessary regarding the addition of potential defendants, and to confer regarding agreements to the amendment of the pleadings. (ECF No. 23.) The parties stipulated to amendment (ECF No. 24) and Plaintiff filed an Amended and Second Amended Complaints (ECF No. 26, 32) adding MMKB, LLC, Vizient Manufacturing Solutions, Inc., and Vizient, L.L.C. as defendants. Plaintiff claims the "[d]esign of the installation, installation, guarding, inspection and testing of the Fanuc robotic arm was by Vizient, L.L.C., Vizient Manufacturing Solutions, Inc., and MMKB, LLC." (ECF No. 26 at 2.) Plaintiff later voluntarily dismissed defendant Vizient, L.L.C. from the action. (ECF No. 42.)

A Phase II Scheduling Order was entered on August 16, 2021, to allow the parties to inspect the site of the subject accident, exchange written discovery which would lead to the identification of any unknown parties, and to add any such necessary parties. (ECF No. 59.) Additionally, the order set additional briefing deadlines for the pending motion to intervene. (*Id*.)

## II.     Motion to Intervene (ECF No. 47)

Andrew Taylor's former employer, Manpower U.S., Inc.,[2] and its workers' compensation insurer, New Hampshire Insurance Company ("Intervenors"), seek leave to intervene in this case, as a matter of right, to protect their interests. The Intervenors contend they have a statutory right to intervene because they provided workers' compensation benefits to Plaintiffs and therefore have a subrogation interest against any sums Plaintiffs may recover in this case. (ECF No. 47.) They contend K.S.A. §44-504(b) provides an employer a statutory right to intervene in an action filed by an injured worker or the worker's personal representatives against a third-party tortfeasor which caused the injury or death, and Fed. R. Civ. P. 24(a)(2) requires they be permitted to intervene. (ECF No. 48 at 2.) The Intervenors acknowledge Kansas courts have generally limited intervenors' participation, but note in some phases of litigation, greater participation by intervenors may be necessary. (ECF No. 61 at 2.[3])

Defendant MMKB filed a response in opposition to intervention. It agrees by virtue of having paid the workers compensation benefits to Plaintiffs, New Hampshire has a valid workers compensation lien under K.S.A. §44-504. (ECF No. 53 at 2.) MMKB does not oppose the intervention only for the purposes of the Intervenors to obtain notice of the proceedings that might impact the lien recovery. However, it opposes the Intervenors'

---

[2] The Intervenors' original motion (ECF No. 47, 48) named Taylor's employer as CNH Industrial LLC. However, it was later stipulated by the parties that the proper party intervenor was misnamed in the original motion, and the name of the proper party intervenor should be Manpower U.S., Inc. f/k/a Manpower International, Inc. (Stip., ECF No. 60.)
[3] Citing *Foveaux v. Smith*, 17 Kan. App. 2d 685, 694 (1992).

active participation in the lawsuit to prosecute claims against the Defendants and defend against comparative fault being allocated to Manpower. (*Id.*) It cites Kansas state authority and Tenth Circuit and District of Kansas authority limiting the participation of the employer Intervenor to "little more than a nominal role." (*Id.* at 3.[4])

Defendants Fanuc and Vizient Manufacturing Solutions, Inc. ("Vizient") likewise oppose the motion for the same reasons as MMKB. Both Defendants adopted MMKB's arguments by filing joinders to MMKB's opposition brief. (ECF Nos. 54, 55.) They ask the Intervenors' participation in this case be limited to a nominal role for notice purposes only, and the Intervenors should not be permitted to participate actively in discovery, depositions, hearings, or trial. (ECF No. 55 at 1.)

## A.    Legal Standard

Fed. R. Civ. P. 24 provides two bases for intervention: 1) intervention of right under Rule 24(a), and 2) permissive intervention under Rule 24(b).[5] The movant bears the burden of demonstrating that it has satisfied the conditions necessary for either ground for intervention.[6] All parties refer only to intervention as a matter of right; therefore, the applicable standard is provided by Rule 24(a).

---

[4] Citing *inter alia, e.g., Miller v. Leavenworth-Jefferson Elec. Co-op., Inc.*, 653 F.2d 1378, 1383 (10th Cir. 1981) (applying Kansas law on appeal from D. Kan.) *superseded on other grounds by* Fed. R. App. Pro. 4 *as recognized by Grantham v. Ohio Cas. Co.*, 97 F.3d 434 (10th Cir. 1996); *accord McCollum v. Edwards Cty. Bd. of Comm'rs*, 2014 WL 1513136, at *3 (D. Kan. Apr. 16, 2014) (quoting *Miller* as stating, "the employer is 'limited to little more than a nominal role.'"). *Also citing Gorrell v. Kansas Power and Light Co.*, 189 Kan. 374, 378 (1962).
[5] *Huff v. CoreCivic, Inc.*, No. 17-2320-JAR, 2020 WL 430212, at *2 (D. Kan. Jan. 28, 2020).
[6] *Id.* (citing *United States v. Albert Inv. Co*., 585 F.3d 1386, 1390 (10th Cir. 2009)).

The Tenth Circuit "generally follows a liberal view in allowing intervention under Fed. R. Civ. P. 24(a)."[7] Intervention as of right is mandatory when a federal statute gives the applicant an unconditional right to intervene, or when the applicant satisfies each of four conditions: "(1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[8]

## B.    Discussion

No party suggests the Intervenors are given an unconditional right to intervene by *federal* statute; therefore, Rule 24(a)(1) is not met. But upon review, the Court finds the Intervenors satisfy the Rule 24(a)(2) conditions to intervene in this lawsuit as a matter of right. Their motion was timely filed during the initial scheduling phase, while the parties were still trying to determine the proper entities for suit. As explained, Manpower was Taylor's employer at the time of the accident at issue in this case, and its insurer, New Hampshire, paid workers' compensation benefits to Taylor's estate as a result of the accident. Therefore, both Intervenors have an interest in the damages sought by Plaintiff from Defendants arising from the accident. As non-parties, the Intervenors' ability to protect their interests would be impaired or impeded by their absence from the litigation. Therefore, the Court finds all elements required under Rule 24(a)(2) are met for

---

[7] *Elliot Indus. Ltd. P'ship v. BP Am. Prod.*, 407 F.3d 1091, 1103 (10th Cir. 2005).
[8] *Huff*, 2020 WL 430212, at *2 (citing *Elliott Indus.*, 407 F.3d at 1103 (citing *Coalition of Ariz./N.M. Ctys. For Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)). *See also Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).

intervention as a matter of right.

Additionally, the Court finds because the Intervenors will take any amount they receive from Plaintiffs' recovery under K.S.A. § 44-504(b),[9] the Court aligns the Intervenors as Defendants in this case.[10] And, because jurisdiction in this matter relies upon diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must ensure such jurisdiction is not destroyed by the intervention. The Intervenors' claim to the recovery in this lawsuit "ar[ose] out of the same facts as the underlying tort claim" and joinder of a non-diverse intervenor would not destroy the court's subject matter jurisdiction because supplemental jurisdiction would apply under 28 U.S.C. § 1367(a).[11] However, despite the Court's ability to exercise supplemental jurisdiction, it recognizes the proposed intervention pleading does not address the citizenship of either Intervenor or address jurisdiction in any way. (*See* ECF No. 61, Ex. A.) Therefore, the intervention pleading filed by Intervenors following this order must address their citizenship and assert this Court's supplemental jurisdiction over their claims.

The question remaining for this Court, then, is the extent of the Intervenors'

---

[9] Kan. Stat. Ann. § 44-504(b): "In the event of recovery from such other person by the injured worker or the dependents or personal representatives of a deceased worker by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against the entire amount of such recovery . . . . The employer shall receive notice of the action, have a right to intervene and may participate in the action. The district court shall determine the extent of participation of the intervenor, including the apportionment of costs and fees."

[10] *See Roth v. Builder's Stone & Masonry, Inc.*, No. 19-2747-DDC-GEB, 2020 WL 7480399, at *2 (D. Kan. Dec. 18, 2020) (analyzing the proper alignment of the intervenor parties, and whether such alignment would destroy diversity jurisdiction) (citing *Price v. Wolford*, 608 F.3d 698, 705 (10th Cir. 2010)).

[11] *Id*. (citing *Price*, 608 F.3d at 702-03).

participation in this matter. As noted, Defendants do not oppose the intervention for the purpose of Intervenors preserving their subrogation rights by becoming nominal parties and receiving notices in this action. They merely oppose intervention for any active purpose, such as active participation in discovery, depositions, hearings, or trial. Although the Intervenors may join the case as a matter of right, the level of their participation is generally a matter left to the Court's discretion.[12]

During an August 16, 2021 scheduling conference, the Court discussed with the parties Defendants' concerns regarding the substance of the Intervenor's proposed pleading and whether said pleading inappropriately suggested the Intervenors may actively participate in this action. Following the conference, the Intervenors submitted a revised proposed pleading attached to their Reply brief, which simply noted the Intervenors' subrogation interest in recoveries Plaintiffs obtain in this case. (ECF No. 61, Ex. A.)

The Tenth Circuit Court of Appeals has addressed application of the Kansas workers' compensation statute, K.S.A. § 44-504, and its limitations on an employer's role in the employee's own tort action.[13] Where, as Castleberry has done here, the employee (or the employee's heir) pursues his or her own claim against a third-party tortfeasor, "the employer is limited to little more than a nominal role."[14]

---

[12] *See, e.g.*, *Lingbloom v. Terra Int'l, Inc.*, No. 94-1453-JTM, 1996 WL 432371, at *1 (D. Kan. July 15, 1996) (quoting K.S.A. § 44-504(b): "the district court shall determine the extent of participation of the intervenor, including the apportionment of costs and fees.")

[13] *Miller v. Leavenworth-Jefferson Elec. Co-op., Inc.*, 653 F.2d 1378, 1383 (10th Cir. 1981) (Tenth Circuit Court of Appeals applying Kansas law on appeal from District of Kansas), *superseded on other grounds by* Fed. R. App. P.4 *as recognized by Grantham v. Ohio Cas. Co.*, 97 F.3d 434 (10th Cir. 1996); *accord McCollum v. Edwards Cty. Bd. of Comm'rs*, 2014 WL 1513136, at *3 (D. Kan. Apr. 16, 2014).

[14] *Miller*, 653 F.2d at 1383.

... when an action is brought in the name of the employee against a negligent third party pursuant to [K.S.A. §]44-504, compensation proceedings have no place in the trial of such an action, and the extent that the employer may participate therein is to intervene to protect and enforce his monetary lien for compensation and medical aid provided the employee to the date of recovery. While such an action requires adjustment between the employer and the employee in the event of recovery, *neither the employer nor his insurance carrier may actively participate* in the trial of such an action.
. . .
In sum, the judicial construction placed on the Kansas workmen's compensation statute shows that in every real sense the employee is the party with the right to enforce the claim, as well as the manner of its prosecution. It follows, as the district court correctly held, that an employer in a case such as this is the "most nominal of parties."[15]

Here, later briefing makes clear the "Intervenors are not asking to participate in discovery or, for that matter, at the trial of case, [but] they [ask to] be permitted to participate at any hearing for approval of a settlement, especially if such settlement attempts to allocate fault to any party, including Intervenors." (Reply, ECF No. 61 at 3.) At this early stage of the case, the undersigned Magistrate Judge makes no findings about the Intervenors' right to potentially later participate in an as yet theoretical settlement approval hearing. Although caselaw from the Kansas state courts suggests such participation *may* be appropriate,[16] the Intervenors' request is premature, at this juncture,

---

[15] *Id.*

[16] *See, e.g.*, *Foveaux v. Smith*, 17 Kan. App. 2d 685, 695, 843 P.2d 283, 290 (1992) (analyzing the Kansas Automobile Injury Reparations Act (PIP benefits) statute, K.S.A. § 40-3113a, allowing intervenor input and suggestions but noting "The injured party remains in full and complete control of the cause of action no matter when, within the period of limitations, the injured party files suit. Under such circumstances, an insurance carrier has no right to full participation at trial. It would be chaotic to grant full participation to the counsel for the PIP carrier who may pursue theories and claims the carrier deems beneficial, but which are detrimental to the primary holder of the cause of action. The extent of participation is a matter of trial court discretion. . . . [but] [the carrier's] attempt to obtain a blanket rule of full participation in every case in which the statutory assignment of the right to collect PIP benefits might take place is not justified."); *see also Maas v. Huxtable & Assocs., Inc.*, 23 Kan. App. 2d 236, 244 (1996) (the Kansas Court of Appeals concluding the

and may be raised by the Intervenors in the event the situation arises.

## III.     Conclusion

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the Motion to Intervene by Manpower U.S.,

Inc., and New Hampshire Insurance Company (**ECF No. 47**) is **GRANTED in large part.**

The proposed petition to intervene must be amended to address the jurisdictional issue

noted above and filed no later than **December 17, 2021**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of December, 2021.

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

district court's allowing the insurance carrier to present evidence and arguments at the settlement
approval hearing satisfied statutory requirements).